**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FOUR BROTHERS INVESTMENT LLC

      Plaintiff(s),

v.

ACUITY, A MUTUAL INSURANCE
COMPANY

      Defendant(s).

Case No.: 4:25-CV-00864-CDP

**PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF DISCOVERY AND
DISPOSITIVE MOTION DEADLINES**

Plaintiff, Four Brothers Investment LLC, by and through its undersigned counsel, respectfully moves this Court for a sixty (60) day extension of the discovery and subsequent case management deadlines in this matter. In support of this Amended Motion, Plaintiff states as follows:

**I. Introduction and Reason for Amendment**

On June 1, 2026, Plaintiff filed its initial Motion for Extension of Discovery and Dispositive Motion Deadlines in the above-captioned matter. Contemporaneously with filing, Plaintiff's counsel transmitted the motion to defense counsel, James R. Jarrow, Esq., and requested a call to discuss the parties' positions. On June 2, 2026, counsel conferred by telephone, during which defense counsel identified two material inaccuracies in the original motion that require correction.

First, the original motion stated that Defendant had been non-responsive to Plaintiff's requests to schedule the deposition of Nik Newgard. In fact, on May 8, 2026, defense counsel

timely responded to Plaintiff's scheduling request and offered Mr. Newgard for deposition on May 26, 2026, requesting that a notice of taking deposition be issued within a few days. Plaintiff's counsel acknowledges that this email was inadvertently overlooked and that no notice of taking deposition was issued for Mr. Newgard. As a result, the May 26, 2026 deposition date passed without the deposition being taken.

Second, the original motion implied that the parties had agreed to schedule a continuation of the deposition of Defendant's engineering expert, Joshua Hartsock, for Case No. 4:25-CV-00864-CDP. In fact, while counsel for both parties discussed the need for a continuation at the conclusion of the May 18, 2026 deposition session, Plaintiff's counsel never formally requested or noticed the continuation deposition. Accordingly, the deposition of Mr. Hartsock for the instant case remains unscheduled and uncompleted.

This Amended Motion corrects both inaccuracies, accurately sets forth the current state of discovery, and is filed after Defendant has initially declined to join in on the prior motion.

## II. Procedural History

This action is coordinated for management purposes with Four Brothers Investment LLC v. Acuity, A Mutual Insurance Company, Case No. 4:25-CV-01189-CDP. Both cases involve commercial property insurance claims arising from similar facts.

Under the Court's Case Management Order (Track 2: Standard) entered on September 22, 2025 (Doc. #21), the current deadline for the completion of all discovery is June 1, 2026. The current deadline for filing dispositive motions is July 1, 2026, and the trial is set on a two-week jury docket beginning Monday, November 16, 2026.

Plaintiff has acted in good faith and with diligence to complete discovery within the prescribed timeframe. All expert disclosures have been completed. However, due to the

circumstances described herein, several critical depositions remain outstanding and cannot be completed without an extension of the discovery deadline.

### III. Good Cause and Exceptional Circumstances Exist for an Extension

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified upon a showing of good cause. The primary measure of "good cause" is the moving party's diligence in attempting to meet the order's requirements. Good cause exists here for the following reasons.

**A. The Deposition of Nik Newgard Was Not Taken Due to Plaintiff's Oversight**

Plaintiff sought to depose Nik Newgard, a representative of Defendant Acuity, as part of its discovery in this matter. On May 8, 2026, defense counsel responded to Plaintiff's scheduling request and offered Mr. Newgard for deposition on May 26, 2026, requesting that a notice of taking deposition be issued within a few days. Through an inadvertent oversight, Plaintiff's counsel failed to issue the notice, and the deposition did not occur.

Plaintiff acknowledges this oversight and respectfully submits that the failure to take Mr. Newgard's deposition was not the result of any dilatory conduct, but rather an administrative error. The deposition of Mr. Newgard is necessary for Plaintiff to complete its discovery, and Plaintiff requests that the Court grant sufficient additional time to allow this deposition to be scheduled and taken.

**B. The Continuation Deposition of Joshua Hartsock Was Never Formally Requested**

The parties scheduled back-to-back Zoom depositions of Defendant's engineering expert, Joshua Hartsock of Rimkus, to take place on May 18, 2026. Mr. Hartsock performed inspections and authored reports for both coordinated cases. Due to the volume of technical evidence and the complexity of the issues, the parties spent the entire allotted session completing the deposition

for the sister case, Case No. 4:25-CV-01189-CDP (which concerns the Jennings property). The deposition of Mr. Hartsock for the instant case, Case No. 4:25-CV-00864-CDP (which concerns the Florissant property), was not commenced.

While counsel for both parties discussed the need for a continuation at the conclusion of the May 18, 2026 session, Plaintiff's counsel acknowledges that no formal request or notice for the continuation deposition was ever issued. The continuation deposition of Mr. Hartsock for this case therefore remains unscheduled. An extension of the discovery deadline is necessary to allow Plaintiff to formally notice and complete this deposition.

## C. Additional Outstanding Depositions

In addition to the depositions of Mr. Newgard and Mr. Hartsock, Plaintiff has sought to depose additional representatives of Defendant Acuity, including Matt Friedl, Amy Pacoe, and Acuity's Corporate Representative pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff requires additional time to coordinate and complete these depositions as well.

### III. Proposed Schedule

To accommodate the completion of the remaining depositions, Plaintiff proposes a sixty (60) day extension of the discovery deadline, with a corresponding extension of the dispositive motion and briefing deadlines as set forth below:

| Case Milestone | Current Deadline | Proposed New Deadline |
| --- | --- | --- |
| All Discovery Completed | June 1, 2026 | July 31, 2026 |
| Dispositive Motions Filed | July 1, 2026 | August 31, 2026 |
| Opposition Briefs Due | July 31, 2026 | September 30, 2026 |

| Case Milestone | Current Deadline | Proposed New Deadline |
|---|---|---|
| Reply Briefs Due | August 17, 2026 | October 19, 2026 |

Plaintiff does not anticipate that this brief extension will impact the trial date of November 16, 2026. However, to the extent the Court believes a trial postponement is necessary to accommodate the revised briefing schedule, Plaintiff respectfully requests that the trial be rescheduled to the next available docket in early 2027.

### IV. Certification of Conference

Pursuant to Local Rule 3.04, the undersigned certifies that Plaintiff's counsel conferred in good faith with defense counsel, James R. Jarrow, Esq., on June 2, 2026, regarding the extension of these deadlines. Defendant objects to the relief sought by the motion.

### V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Amended Motion and enter an order extending the discovery and dispositive motion deadlines as proposed herein.

Dated: June 4th, 2026

Respectfully submitted,

NATIONAL INSURANCE ADVOCATES, LLP
By: /s/ Erik Barnard
Erik Barnard, Esq. (FL #110327)
Anthony Pastor, Esq. (FL #1409696)
6619 S Dixie Hwy. #363
Miami, FL 33143
Tel: 833-701-4110

Email: erik@nia.law / anthony@nia.law
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 4th, 2026, I electronically filed and served the foregoing document via CM/ECF or via the parties' designated email addresses, pursuant to all applicable Federal Rules and the Local Rules of the United States District Court for the District of Missouri Eastern Division.


/s/ Erik T. Barnard, Esq.