UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FOUR BROTHERS                        )
INVESTMENT LLC,                      )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )        Case No.:  4:25-cv-00864-CDP
                                     )
ACUITY A MUTUAL INSURANCE            )
COMPANY,                             )
                                     )
          Defendant.                 )

**DEFENDANT ACUITY, A MUTUAL INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

Defendant Acuity, A Mutual Insurance Company, by and through counsel, opposes Plaintiff's Motion for Extension of Discovery and Dispositive Motion Deadlines.  Plaintiff's Motion improperly portrays the nature and reason for the outstanding depositions in this matter, but Plaintiff has failed to abide by the Court's meet and confer requirement as provided in Local Rule No. 30.4.  For those reasons, Plaintiff's Motion should be denied.

## I.   BACKGROUND

Plaintiff filed suit in the instant matter on July 1, 2025. On April 20, 2026, Plaintiff deposed Defendant's expert Joshua Hartsock, prior to the Court's deadline for Defendant to disclose its experts on April 27, 2026.  *See* Exhibit A, Joshua Hartsock Notice of Deposition Duces Tecum.  Defense counsel was present at the agreed upon time and date, but Plaintiff's counsel forgot he noticed the deposition and defense counsel had to call Plaintiff's counsel, causing the deposition to begin a half hour late.  Plaintiff only completed its deposition of Joshua Hartsock in reference to the property located at 8641 Jennings Station Road, which is the subject of Case NO. 4:25-CV-

01189-CDP, despite representing he could depose Mr. Hartsock for both matters in the same day. Following Mr. Hartsock's deposition, counsel discussed that Plaintiff's counsel would send available dates the following morning to take the deposition of Mr. Hartsock in the instant matter, however no dates were sent. *See* Exhibit B, Email Dated May 27, 2026. To date, defense counsel has not received any correspondence with additional dates for Mr. Hartsock's deposition.

On April 27, 2026, Defendant formally disclosed its experts, including Joshua Hartsock and Nik Newgard. *See* Exhibit C, Defendant's Expert Witness Disclosures. Plaintiff first requested the deposition of Nik Newgard on April 23, 2026. *See* Exhibit D, Email Chain Dated April 23, 2026. On May 8, 2026, defense counsel emailed Plaintiff's counsel advising Nik Newgard was available for his deposition on May 26 and requested Plaintiff file a notice if counsel intended to proceed with his deposition. *See* Exhibit E, Email Dated May 8, 2026. Defense counsel held the May 26 date, but Plaintiff never noticed the deposition and the deposition did not go forward.

Plaintiff has also requested the depositions of Defendant's desk adjuster, Matt Friedel, a corporate representative, and Defendant's claims manager, Amy Pascoe (incorrectly referred to as "Amy Pacoe" in Plaintiff's Motion) in the instant matter. Plaintiff sent a request for these depositions on April 23, 2026. *See* Exhibit D, Email Chain dated April 23, 2026. Defense counsel requested Plaintiff's counsel provide available dates for these depositions, but Plaintiff has never provided any proposed dates. *See id* at April 23, 2026 email at 2:41 p.m. where Mr. Jarrow writes "please send me some proposed dates…"

Prior to filing the instant motion, Plaintiff sent an email to defense counsel at 4:25 PM CST on June 1, 2026, the date of the filing of its motion, advising it intended to file its motion for extension and requesting a phone call with defense counsel. *See* Exhibit F, Email Dated June 1,

2

2026.  Plaintiff then filed the instant motion at 6:26 PM CST without speaking to or even attempting to call defense counsel.

## II.    **ARGUMENTS AND AUTHORITY**

Under Local Rule 3.04(A) and Federal Rule of Civil Procedure 37, "[t]he Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith." Further, any motion for extension of time "may" be granted "only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4).  Plaintiff has failed to meet and confer with counsel for Defendant and further, has failed to show good cause for an extension of this Court's discovery and dispositive motion deadlines, and therefore, Plaintiff's motion should be denied.

### a.    **Plaintiff Has Not Complied With This Court's Meet and Confer Requirement under Local Rule 3.04(A) and Fed. R. Civ. P. 37.**

Plaintiff has failed to comply with Local Rule 3.04(A) and Fed R. Civ. P. 37 and for that reason alone, Plaintiff's motion should be denied.  Both the local and federal rule require that Plaintiff meet and confer "in person or by telephone" prior to filing any motion related to discovery.  *See* Local Rule 3.04(A); *see also* Fed. R. Civ. P. 37.  <u>While Plaintiff certifies in its motion that counsel "conferred in good faith with defense counsel," one email at 4:25 PM on the date of the filing of the motion is not sufficient to meet the requirements of Local Rule 3.04 or Fed. R. Civ. P. 37</u>.  *See* Exhibit F, Email Dated June 1, 2026.  Plaintiff's counsel never attempted to call defense counsel but rather requested a phone call from defense counsel.  *See id.*  Further, Plaintiff's counsel waited only two hours from sending one e-mail before filing the instant motion. Both the local and federal rules are clear requiring a phone call or an in person meeting to satisfy the meet and confer requirements, and Plaintiff failed to do so.  It can hardly be said that a motion

sent to counsel via email two hours prior to filing and thirty minutes prior to the close of business

is a genuine attempt to confer under the rules and as such, Plaintiff's motion should be denied.

### b.  Plaintiff Fails to Show "Good Cause" For the Requested Extension.

Plaintiff further can not show "good cause" for the requested extension, as required under

Fed. R. Civ. P. 16(b)(4).  Rule 16(b)(4) states a modification to a Court's scheduling order may

only be granted "for good cause shown and with the judge's consent.  The primary measure of

"good cause" is "the movant's diligence in attempting to meet the order's requirements." *See*

*Koester v. Mid Rivers Mall CMBS, LLC*, No. 4:23-CV-01306-SPM, 2024 U.S. Dist. LEXIS

185752 (E.D. Mo. Oct. 11, 2024, at *7 (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709,

716 (8th Cir. 2008); *see also Lopez v. TIG Indem Co.*, No. 22-CV-04066-WJE, 2023 U.S. Dist.

LEXIS 30565, at *2 (W.D.Mo. Feb. 23, 2023) (holding where a movant "could have requested an

extension to a discovery deadline months ago" but did not do so did not demonstrate "the diligence

that would support a finding of good cause under Rule 16(b)(4)").  Plaintiff has indeed sent a

number of emails requesting deposition dates.  But Plaintiff fails to note in his motion that counsel

for defendant has requested availability from Plaintiff's counsel to be able to provide dates for the

requested depositions of Amy Pascoe, Matt Friedl, and a corporate representative.  *See* Exhibit F,

Email Chain Dated April 23, 2026.  With regards to Defendant's experts, Defendant made Joshua

Hartsock available for deposition prior to the required date of expert disclosures of April 27, 2026.

*See* Scheduling Order; *see also* Exhibit D, Joshua Hartsock Notice of Deposition Duces Tecum.

Plaintiff failed to complete Mr. Hartsock's deposition for both matters within the allotted time and

agreed to provide additional dates for Mr. Hartsock's deposition in the instant matter.  *See* Exhibit

B, Email Dated May 27, 2026.  Plaintiff failed to do so.  *Id.*  Finally, counsel for Defendant emailed

Plaintiff on May 8, 2026 providing May 26 as an agreeable date for Nik Newgard's deposition and

4

requesting counsel file a notice of deposition if Plaintiff intended to proceed with Mr. Newgard's deposition.  *See* Exhibit E, Email Dated May 8, 2026.  Defense counsel held May 26 on their calendar, but Plaintiff's counsel never responded or filed a notice and the deposition did not proceed.

Plaintiff alleges these depositions are all necessary for its case, but Plaintiff's actions do not match.  Plaintiff has continuously failed to provide dates to defense counsel so defense counsel can find a mutually agreeable time and date for the requested depositions—whether that be for the depositions of Defendant and its employees or the depositions of Defendant's experts.  Plaintiff's lack of diligence in providing any dates so defense counsel may schedule the requested depositions is not sufficient under the rules to warrant the requested extension.  Further, Plaintiff could have requested this extension well in advance of the date of the close of discovery and given defense counsel sufficient time to confer with Plaintiff regarding the same, but Plaintiff failed to do so.  Therefore, Plaintiff's motion for extension should be denied.

### III.    CONCLUSION

Plaintiff has failed to comply with this Court's rules in filing this motion.  Sending one email to defense counsel shortly before the close of business is not a good faith attempt to confer.  Further, Plaintiff has not shown the requisite diligence in scheduling the requested depositions of Matt Friedl, Amy Pascoe, Defendant's corporate representative, Joshua Hartsock, or Nik Newgard.  The Court should enforce its scheduling order and deny Plaintiff's Motion for Extension of Discovery and Dispositive Motion Deadlines.

WHEREFORE, Defendant Acuity A Mutual Insurance Company requests this Court deny Plaintiff's Motion for Extension of Discovery and Dispositive Motion Deadlines pursuant to Local

Rule 30.4(A), Fed. R. Civ. P. 37, and Fed. R. Civ. P. 16(b)(4), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ James R. Jarrow*
James R. Jarrow                    MO #38686
Samantha R. Patterson         MO #72958
BAKER STERCHI COWDEN & RICE, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
(816) 471- 2121 / (816) 472-0288 Fax
jarrow@bakersterchi.com
samantha.patterson@bakersterchi.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court on this 5th day of June, 2026, which will send notification of same to all counsel of record.

*/s/ James R. Jarrow*