EXHIBIT

A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

FOUR BROTHERS INVESTMENT LLC,

Plaintiff,

v.

ACUITY A MUTUAL INSURANCE
COMPANY,

Defendant.

Civil Action No. 4:25-cv-00864-CDP

<u>**NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF ENGINEER (JOSH HARTSOCK)**</u>

TO:
James R. Jarrow MO #38686
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
(816) 471-2121 / (816) 472-0288 Fax
jarrow@bakersterchi.com
samantha.patterson@bakersterchi.com
*Attorney for Defendant*

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and all applicable Local Rules of the United States District Court for the Eastern District of Missouri Eastern Division, the undersigned attorneys will take the videotaped deposition duces tecum of the designated Engineer, **Mr. Josh Hartsock**, of Rimkus regarding the areas of inquiry described in Schedule A, and also requiring the production of the documents identified in Schedule A (attached hereto and incorporated by reference) and below.

1. The deposition will be taken before a certified court reporter and recorded by a videographer on:

   • Date and Time: April 20, 2026, at 9:00 AM (CDT)

• Location: By remote means via Zoom

– Meeting Link: https://zoom.us/join

– Meeting ID: 86102448466

– Passcode: @P1sB4nNl1

The deposition is being taken for purposes of discovery, for use as evidence at trial, and for any other purpose allowed under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. This deposition may continue from day to day until completed or may be adjourned to a later date as necessary.

3. Pursuant to Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the officer administering this deposition will place the deponent under oath.

4. The deponent is directed to produce at the time of the deposition all documents set forth in Schedule A, attached hereto.

**Definitions:**

A. "**All**" as used herein means any and all.

B. "**Communications**" means every manner of transmitting or receiving information, opinions, or thoughts from one person to another person, whether made or accomplished orally or in writing, whether face-to-face, by telephone, mail, telex, facsimile, text message, personal delivery, electronic mail, or otherwise. All communications must be summarized and transcribed.

C. "**Relating to**" or "**Relates**" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning, or evidencing.

D. "**You**," or "**Your**" means the entity to which this Notice of Deposition is directed as well as any parent company or subsidiary of the entity.

E. "**Regarding**" shall mean and include the following terms: regards, describes, involves, compares, correlates, mentions, connected to, refers to, pertains to, contradicts, or compromises.

F. "**Document**" or "**documents**" shall mean the original, all copies and drafts of papers, including, but not limited to, drafts of affidavits you have been requested to sign in this case, and writings of every kind, description and form, whether handwritten or typed, and all mechanical, magnetic media and electronic recordings (including but not limited to, hard disks, floppy disks, compact disks, and magnetic tapes of any kind), records and data of every kind, description and form, and all photographs of every kind, and including without limiting the generality of the foregoing, the following: correspondence, affidavits, letters, notes, e-mails, computer files, memoranda, reports, notebooks, binders, drawings, maps, studies, analyses, drafts, diaries, calendars, date books, appointment books, day-timers, intra or inter office communications, memoranda, reports, cancelled checks, minutes, bulletins, circulars, pamphlets, instructions, work assignments, messages (including reports, notes and memoranda of telephone conversations and conferences), telephone statements, calendar and diary entries, desk calendars, appointment books, job or transaction files, invoices, charge slips, working papers, graphs, charts, lab books, lab notes, lab journals or notebooks, evaluation or appraisal reports, pleadings, contracts, agreements, assignments, instruments, charges, opinions, official statements, prospectuses, appraisals, feasibility studies,

trust, releases of claims, charters, certificates, licenses, invoices, computer printouts or programs, summaries, audio, video or sound recordings, cassette tapes, video recorded, electronic or laser recorded, or photographed information. Documents are to be taken as including all attachments, enclosures, and other documents that are attached to, relate to or refer to such documents. Documents shall be deemed to include any electronically stored information which, as used in connection with the definition of "documents," encompasses all data or information stored in its native form in data processing or storage equipment, including, but not limited to, main frame computers, network servers, personal computers, hand-held devices, cell telephones, personal digital assistants, MP3 players, internet storage systems, private and/or third party networks, magnetic disks, optical disks, CD ROMs, DVD ROMs, magnetic tapes and backup tapes.

G. **"Properties**" shall mean 10130 West Florissant Ave, Saint Louis, MO 63136

You are invited to attend and cross-examine.

Dated: April 7, 2026

Respectfully submitted,


Respectfully submitted,

*/s/ Erik Barnard. Esq*
Erik Barnard #110327FL
National Insurance Advocates LLP,
6619 S Dixie Hwy., #363
Miami, FL 33143
Telephone: 833-701-4110
Email: service@nia.law
*Attorney for Plaintiff*

**SCHEDULE A**

1. COMPLETE file regarding Policy No. ZL1359 and Claim No.SQS267
2. Any and all expert reports (or otherwise) generated pursuant to any investigation performed at the subject premises.
3. Any and all reports (or otherwise) containing any opinions held by the deponent regarding the subject loss.
4. Any and all documents or writings used to formulate your opinion.
5. All treatises, manuscripts, manuals, textbooks, or otherwise used to formulate and/or support any opinion held regarding the subject loss.
6. All photos regarding the subject loss.
7. All documents reviewed related to the loss before or after the loss in any way related to any expert opinion regarding the subject loss.
8. Any underwriting inspection or report evaluated regarding the subject loss.
9. Any invoice sent to the insurance company for services performed regarding the subject loss.
10. An accounting reflecting all payments received by the deponent and/or the company that employs deponent and/or deponent's company if deponent is self-employed showing all payments made by the insurance company to deponent, its employer and/or its company for testimony, causation inspections and/or any other related work done for the insurance company or on behalf of the insurance company during the past 3 years.
11. A list depicting the case names for all cases where deponent has provided testimony, whether by deposition or at trial.
12. A copy of your Curriculum

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, I electronically filed and served the foregoing document via CM/ECF or via the parties' designated email addresses, pursuant to all applicable Federal Rules and the Local Rules of the United States District Court for the Eastern District of Missouri Eastern Division.

Respectfully submitted,

*/s/ Erik Barnard. Esq*